UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN M. GELORMINO,

                              Plaintiff,

   -against-                                      **COMPLAINT**

LONG ISLAND RAIL ROAD COMPANY,        PLAINTIFF
                                                                DEMANDS
                       Defendant.                          TRIAL
                                                                BY JURY
----------------------------------------------------------------X

Plaintiff complaining of the defendant by his attorneys, FLYNN & LAURIELLO PLLC, respectfully alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff **JOHN M. GELORMINO,** was employed by defendant LONG ISLAND RAIL ROAD COMPANY, hereinafter LIRR, as a LIRR conductor in the LIRR Transportation Department.

2. At all times hereinafter mentioned, plaintiff **JOHN M. GELORMINO,** was a LIRR employee in the course and scope of his work from and for the defendant.

3. Upon information and belief, that at all times hereinafter mentioned, LIRR, was a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

## JURISDICTION

4. That at all times hereinafter mentioned, plaintiff and defendant were engaged in the furtherance of the business of the defendant railroad, to wit., the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chapters 1 and 2, and the rules and regulations promulgated thereunder.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USCA Section 1331.

## LIABILITY

7. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed and controlled LIRR Train #351.

8. Upon information and belief, at all times hereinafter mentioned, the LIRR Train #351 was comprised of LIRR M7 cars, one of which was LIRR M7 #7681.

9. Upon information and belief, at all times hereinafter mentioned, LIRR M7 #7681 was a MU locomotive as the term MU locomotive is defined at 49 CFR 229.5.

10. Upon information and belief, at all times hereinafter mentioned, LIRR M7 #7681 was in use on defendant's line as a locomotive.

11. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed, and controlled LIRR M7 #7681, its parts and appurtenances.

12. Upon information and belief, at all times hereinafter mentioned, Train #351 was a LIRR regularly scheduled revenue passenger train moving westbound.

13. Upon information and belief, at all times hereinafter mentioned, LIRR Train #351 was operating westbound on the LIRR Port Washington Branch, New York.

14. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed and controlled the LIRR Mets-Willets Point Station, Queens County, New York.

15. Upon information and belief, on August 9, 2016, plaintiff was performing his duties on Train #315, in M7 #7681, when he caused to sustain the injuries hereinafter set forth as he attempted to open an "F" End door on M7 #7681, the door jammed, malfunctioned, was unsafe and hazardous causing the plaintiff to sustain the injuries hereinafter set forth.

16. Upon information and belief, the aforesaid occurrence was due solely and wholly to the carelessness and negligence of defendant, its agents and/or employees in causing, permitting and allowing the door of LIRR M7 #7681, its system, and its parts and appurtenances to be, become, and remain unsafe, defective, missing parts, improperly inspected, tested, maintained, perilous and hazardous, and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff herein.

17. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Programs, Part A Safety, Chapter 203, Safety Appliances, 49 USCA 20302 *et seq.*, commonly known as the Safety Appliances Act, and the rules and regulations promulgated thereunder.

18. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Safety, Part A Safety, Chapter 207, Locomotives, 49 USCA 20701, *et seq.*, the Locomotive Safety Act, and the rules and regulations promulgated thereunder.

## INJURIES AND DAMAGES

19. Upon information and belief, as a result of the foregoing, plaintiff sustained injuries left arm, shoulder, other limbs and his body, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish,

and the loss of the enjoyment of the pursuits and pleasures of life and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, hospital and health care treatment and care and has and will incur expenses for medical, hospital, and health care providers and health care treatment; and from time to time, has been, is and will be confined to bed and home as a result thereof; plaintiff has lost, and will lose time from employment, employment earnings, and/or employment perquisites; all to his damage in a sum not exceeding $1,000,000.00.

WHEREFORE, plaintiff demands judgment against the defendant in a sum not exceeding $1,000,000.00, together with the costs and disbursements of this action.

Dated: December 27, 2017
New York, New York

          FLYNN & LAURIELLO PLLC
          Attorneys for Plaintiff

          BY _____
          VALERIE J. LAURIELLO (VL6192)
          Attorney at Law
          Office & P.O. Address
          5 Penn Plaza – 23rd Floor
          New York, New York 10001
          Tel. 212-896-3812
          Fax 866-855-3813
          VJLauriello@MDFlynnLaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------

JOHN M. GELORMINO,

                                                                             Plaintiff,

-against-

LONG ISLAND RAIL ROAD COMPANY,

                                                                             Defendant.

-------------------------------------------------------------------------------

## COMPLAINT

-------------------------------------------------------------------------------

FLYNN & LAURIELLO PLLC
**Attorneys for Plaintiff**
5 Penn Plaza – 23rd Floor
New York, NY 10001
212-896-3812